UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TMTB I, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1037 CDP |
| | ) |
| CITY OF MANCHESTER, | ) |
| MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff owns land in the City of Valley Park, Missouri, which it wishes to develop. Plaintiff wants a curb cut so that drivers on Country Stone Drive can enter the property. Country Stone Drive is in the City of Manchester, but Manchester refused to allow the curb cut, even though Valley Park had approved plaintiff's development plan. Plaintiff brought this suit in state court seeking, among its seven counts, a writ of mandamus against Manchester under the Missouri Administrative Procedure Act, and money damages under 42 U.S.C. § 1983. Defendants removed. This court has federal-question jurisdiction over the three federal counts, and has supplemental jurisdiction over the four state counts. I conclude, however, that the state claims substantially predominate over the federal claims, and so I decline to exercise supplemental jurisdiction over those

claims. I will remand them to state court, and will hold in abeyance the federal claims. The state court's resolution of the state issues will necessarily resolve many of the issues presented by the federal claims.

**Background**

TMTB owns a 22-acre parcel of land located in Valley Park, Missouri. The property is bordered to the West by Country Stone Drive, a street maintained by and within the city limits of Manchester, Missouri. The City of Manchester has refused TMTB's request for a curb cut that would allow access to and from the property by way of Country Stone Drive. Plaintiff's complaint alleges that Manchester's board of aldermen voted that no curb cut would be allowed. TMTB brings this suit against the City of Manchester and the individuals who make up the city's board of aldermen. In Counts I-IV of the complaint, TMTB seeks a writ of mandamus and a declaratory judgment directing the city to provide a curb cut. In Counts V-VII, TMTB seeks money damages under 42 U.S.C. § 1983.

The individual defendants removed the case to this Court under 28 U.S.C. § 1441. Removal was proper, because this Court has original jurisdiction over the federal claims raised in Counts V-VII under 28 U.S.C. § 1331. This Court likewise has supplemental jurisdiction over the state law claims in Counts I-IV under 28 U.S.C. § 1367.

## Discussion

The removal statute allows remand of matters in which state law predominates in some circumstances:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Defendants argue that this section does not allow remand of the state-law claims here because those claims are not "separate and independent" from the federal claims. In *Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995), the Third Circuit concluded that this limit on remand of claims that are "separate and independent" precludes remand of claims that arise from the same facts: "Suits involving [supplemental] state claims that derive from a common nucleus of operative fact do not fall within the scope of § 1441(c), since [these] claims are not separate and independent." *Id*. at 786 (citations omitted).

All of the claims in this case arise out of the same factual dispute over the curb cut to plaintiff's land. The federal § 1983 counts encompass all of the allegations of the state counts, and then allege that the same acts of the defendants that are alleged to violate state law also violated plaintiff's federal rights to due

process and equal protection. Defendants are correct in asserting that the federal claims in this case are not separate and independent from the state law claims. *See Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) (Where "the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious.").

Although § 1441 does not allow remand, the supplemental jurisdiction statute does. That statute, 28 U.S.C. § 1367, gives a federal court discretion to decline the exercise of supplemental jurisdiction in certain situations:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367. Supplemental jurisdiction, formerly known as pendent jurisdiction, is a doctrine of discretion, not of a party's right. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Its justification lies in

"considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *Id*. The "substantially predominates" language in § 1367(c)(2) is drawn from the Supreme Court's opinion in *Gibbs*, and a district court's analysis under §1367(c)(2) should follow the Court's reasoning in that case.[1] *Lancaster*, 45 F.3d at 789. The Court noted in *Gibbs* that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27. In such cases, it is fair to conclude that the state claim "constitutes the real body of the case, to which the federal claim is only an appendage." *Id*. at 788.

In this case, TMTB's state law claims for equitable relief substantially predominate over the federal law claims. TMTB asserts its right to seek judicial review of the city's actions under the Missouri Administrative Procedure Act, Mo. Rev. Stat. § 536.150, as a non-contested case. In this property dispute between a municipality and a landowner in an adjacent jurisdiction, the federal law claims

---

[1] At least one circuit court has held, however, that a district court need not provide any rationale when declining to assert supplemental jurisdiction under 28 U.S.C. § 1367(c)(2). *See San Pedro Hotel v. City of Los Angeles*, 159 F.3d 470, 479 (9th Cir. 1998) ("district court did not abuse its discretion by failing to provide stated reasons for its dismissal under 28 U.S.C. § 1367(c)(2)").

are properly viewed as an "appendage" to the state equitable relief sought. Section 1367 does not by its terms specify a proper course of action when a district court declines to assert supplemental jurisdiction. However, the "animating principle" behind supplemental jurisdiction supports giving a district court discretion to remand a removed case when the exercise of supplemental jurisdiction is inappropriate. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988). *See also Lancaster*, 45 F.3d at 788 (holding that a remand to state court under § 1367(c) "is a viable alternative to dismissal without prejudice").

Finally, there are practical reasons to remand. This is essentially a local dispute, between a landowner in St. Louis County and the St. Louis County municipality next to plaintiff's land. The facts relate entirely to the right of the City to control the real estate within its borders, including to control its own roads and traffic. The Circuit Court for St. Louis County has vast experience dealing with issues of land use, municipal ordinances, and the appropriate forms of equitable and other relief under the Missouri Administrative Procedures Act. Although plaintiff alleges that defendants violated its federal due process and equal protection rights, plaintiff does not allege that defendants denied the curb cut because of invidious discrimination based on race or some other protected category, or in retaliation for plaintiff's exercise of first amendment or other rights

under the federal constitution. I might exercise my discretion differently were such allegations made, but here, where the dispute is simply one of land use, the state court is in a much better position to decide the issues, and it will probably do so more quickly than this court could. Once the state claims are resolved, resolution of the federal claims will be greatly simplified. Thus, the interests of "judicial economy, convenience, and fairness to litigants" -- recognized as important in *Gibb* and many other cases -- will be promoted by remand.

Accordingly,

**IT IS HEREBY ORDERED** that Counts I-IV of the Plaintiff's Complaint are remanded to the Circuit Court of St. Louis County, Missouri. This Court retains jurisdiction over Counts V-VII and will hold these counts in abeyance pending a state court ruling.

**IT IS FURTHER ORDERED** that counsel shall file a joint notice of state court resolution and proposed schedule for resolving the remaining federal issues, not later than thirty (30) days after any state court decision on the merits of Counts I through IV.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2007.